IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHARON MOSBY     PLAINTIFF

v.     Civil No. 04-6077

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Sharon Mosby, appealed to this Court from the denial of supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On July 7, 2005, the undersigned remanded this matter to the Commissioner, *42 U.S.C. § 405(g)* (Doc. #10 & 11).

Plaintiff's attorney, Terry Diggs, filed an Application For Attorney's Fees Under The Equal Access to Justice Act (EAJA)[1], on August 5, 2005 (Doc. #12-14). The Commissioner responded on August 31, 2005 (Doc. #15). This matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986)*.

Plaintiff is the prevailing party in this matter. The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA,* does not object to the hourly rate requested by plaintiff's counsel and does not dispute the number of hours expended by

---

[1] *The Equal Access to Justice Act* (hereinafter the "*EAJA*"). *28 U.S.C. § 2412.*

counsel. The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002)*, citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985)*.

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985)*. Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984)*.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. §*

AO72A
(Rev. 8/82)

*2412(d)(2)(A).* Plaintiff's attorney requests an award under the *EAJA,* at the rate of $125.00 per hour for the 11.4 hours which he asserts were devoted to the representation of plaintiff in this Court. As previously noted, the Commissioner has raised no objection. We note that an award based upon this hourly rate, reflecting an increase in the cost of living as set by Congress, will result in consistent hourly fee awards in cases in Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990).* Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $125.00 per hour.

Further, we have reviewed counsel's itemization of time contained in his Affidavit (Doc. #14). Defendant has not objected to the number of hours for which counsel seeks a fee award, and we find the time asserted to be spent in representation of the plaintiff before the district court, to be reasonable. Thus, we find that plaintiff's counsel is entitled to compensation under the *EAJA* for 11.4 hours. Counsel also seeks reimbursement for expenses in the amount of $24.45, which the undersigned finds to be proper and reasonable.

Accordingly, we find that counsel is entitled to compensation for 11.4 hours at the rate of $125.00 per hour, and reimbursement for costs totaling $24.45, for a total attorney's fee award of $1,449.45 under the *EAJA*.

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 3rd day of October, 2005.

AO72A
(Rev. 8/82)

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE